**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE/NALOXONE) FILM PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) |
| | Case No. 1:24-md-3092 |
| | MDL No. 3092 |
| This Document Applies to the Following Case: | ) ) ) ) ) ) ) |
| | Judge J. Philip Calabrese |
| | Magistrate Judge Jennifer Dowdell Armstrong |
| KEITH KING, | ) ) ) |
| | Case No. 1:24-sf-65003 |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| INDIVIOR INC., *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**OPINION AND ORDER**

In this Order, the Court addresses Keith King's lack of submission to the Court's Order to Show Cause.  (MDL ECF No. 675.)

**PROCEDURAL BACKGROUND**

On November 4, 2024, the Court issued Case Management Order No. 12 (ECF No. 158), establishing a census protocol for Plaintiffs with cases filed on or before October 7, 2024.  This census protocol aimed to obtain proof of product use and proof of a relevant dental injury for each such Plaintiff and required the completion of a census form and the execution of certain authorizations.

Case Management Order No. 12 also provided a protocol for Defendants to serve deficiency notices, including asserting that census records of certain plaintiffs are incomplete or inadequate. (*Id.*, PageID #4041–42.) The Court gave these Plaintiffs 30 days from the date of a deficiency notice to correct the deficiency. (*Id.*, PageID #4042.) Where defense counsel believes that deficiencies have not been corrected within 30 days, defense counsel may request a meet and confer with plaintiffs' counsel. (*Id.*) Additionally, the Order states that "[p]laintiffs who cannot substantiate injury or product identification within the applicable deadline will be dismissed with prejudice." (*Id.*)

Plaintiffs are subject to Case Management Order No. 12. Defense counsel notified Plaintiffs of deficiencies in their census records. These deficiencies were not corrected in the allotted 30-day period. Therefore, on April 3, 2025, the Court entered a Show Cause Order. (ECF No. 675.) The Court ordered Plaintiffs to show cause why he or she did not comply with Case Management Order No. 12 by April 17, 2026. (*Id.*) To show cause, a Plaintiff needed to "(1) correct the deficiencies at issue and (2) file a memorandum demonstrating good cause why the deficient material was not timely submitted." (*Id.*, PageID #11168–69.) Defendants had seven days to respond to any submission. (*Id.*, PageID #11169.)

## ANALYSIS

In the context of Rule 16 of the Federal Rules of Civil Procedure, the Sixth Circuit notes that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's

requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* (citation omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *E.E.O.C. v. Honda of America Mfg., Inc.*, No. 2:06-cv-0233, 2007 WL 1024426, at *1 (S.D. Ohio Mar. 29, 2007) (citation omitted). "It is well settled that the good-cause determination is left to the Court's sound discretion, and [the plaintiff] bears the burden to establish good cause." *Wise v. Department of Def.*, 196 F.R.D. 52, 54 (S.D. Ohio 1999) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) (evaluating good cause in the context of Rule 4)).

The Court has reviewed Plaintiffs' submissions and Defendants' responses. Generally, Plaintiffs' submissions fall into two categories. In the first, there are what the Court determines to be excuses for a lack of diligence that lack merit. These circumstances include issues regarding phone service, lack of communication with counsel, lack of understanding of deadlines and obligations, and miscommunications or misunderstandings. These types of circumstances do not establish good cause for failure to comply with the Court-ordered deadlines because they demonstrate that Plaintiffs did not act diligently and were not excused from doing so. *See, e.g., Pyfrom v. ContactUS, LLC*, No. 2:21-cv-4293, 2023 WL 32843, at *4 (determining that good cause existed for an untimely filing in part because the party exhibited "diligence in checking her mail for legal-related mailings"); *Bearup v. Cintas Corp.*, No. 1:21-cv-151, 2025 WL 887692, at *3 (S.D. Ohio Mar. 21, 2025) (determining that it was

3

unreasonable in the context of excusable neglect for the plaintiff not to apprise counsel of her new contact information during a show cause order); *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at \*3 (6th Cir. Mar. 1, 2023) (determining that the plaintiff's misunderstanding of the law "did not constitute good cause").

In the second category fall Plaintiffs that filed a submission to which Defendants did not reply. At the status conference on April 22, 2026, Defendants confirmed that they did not oppose a showing of good cause. Additionally, there exists a set of Plaintiffs that did not file a submission. Therefore, these Plaintiffs did not comply with the Court's Order to Show Cause. And such a failure constitutes grounds for dismissal with prejudice. (ECF No. 675; PageID #11169 ("For those Plaintiffs listed in Exhibits A through E who do not submit a response within 14 days from the entry of this Order, the Court will dismiss their claims with prejudice."); ECF No. 158, PageID #4042 ("Plaintiffs who cannot substantiate injury or product identification within the applicable deadline will be dismissed with prejudice.").)

In the case of Plaintiff Keith King, he failed to respond to the Court's Order to Show Cause. Failure to respond results in dismissal with prejudice. (ECF No. 675, PageID #11169 ("For those Plaintiffs listed in Exhibits A through E who do not submit a response within 14 days from the entry of this Order, the Court will dismiss their claims with prejudice.").) Therefore, Plaintiff's claims must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims.

4

**SO ORDERED.**

Dated:  April 24, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio